**Julie E. RONES, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT, Respondent.**

**No. 85–973.**

District of Columbia Court of Appeals.

Nov. 5, 1985.

---

tive Procedure Act (D.C.Code § 1–1510 (1981) ), petitioner's case must be one that requires a trial-type hearing at the administrative level either by statute or by constitutional right. D.C.Code § 45–2201 (1985 Supp.), which governs HPAP loans to low-income persons, does not provide such trial-type hearings on a loan application. In addition, petitioner does not have such a property interest in the HPAP loan that an administrative trial-type hearing is constitutionally required. Therefore, we have no jurisdiction. Accordingly, the appeal is dismissed, but without prejudice to petitioner seeking equitable relief in the Superior Court. In light of this dismissal, petitioner's other motions (Motion for Reversal of Agency Action, Motion for Stay and Motion for Expedited Review) are denied as moot.

Julie E. Rones, pro se.

Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, Lutz Alexander Prager and Richard B. Nettler, Asst. Corp. Counsel, Washington, D.C., for respondent.

Before NEBEKER, TERRY and ROGERS, Associate Judges, in chambers.

NEBEKER, Associate Judge:

Petitioner seeks direct review by this court of a decision by the D.C. Department of Housing and Community Development not to award her a housing loan under the District of Columbia's Home Purchase Assistance Program (HPAP). The District moves to dismiss the appeal for lack of jurisdiction. In order for this court to have jurisdiction to review this agency decision under the District of Columbia Administra-

I

On February 8, 1985, petitioner Julie Rones applied for a loan with respondent D.C. Department of Housing and Community Development (DHCD), under DHCD's Home Purchase Assistance Program (HPAP). HPAP provides "financial assistance to the residents of the District of Columbia of lower incomes for the purpose of enabling them to purchase ... homes." D.C.Code § 45–2201 (1985 Supp.). Prior to receiving a decision on her loan application, on March 24, 1985, Rones entered into a contract with Van La Development Corporation to purchase a condominium. She made a $1,000 downpayment on the unit and paid $175 to a mortgage company. On July 11, 1985, DHCD informed Rones that her loan application had been denied. Apparently, Rones' initial application was incomplete, and when she subsequently filed additional information, the DHCD found discrepancies between the additional information and the original application.[1]

1. According to the District's brief, Rones initially stated in her application that her annual income was $21,299 and that her brother, Elmer Rones, was a household member, but she did not provide information as to Elmer's income. Upon request by DHCD, Rones later submitted information that Elmer worked part-time earning on the average $65 dollars a week. On June 27, 1985, Rones was informed by phone that her application was denied because her household income exceeded the limit provided in the program. In response, Rones and her brother wrote to DHCD requesting a reconsideration and stating that Elmer's previous statement as

On July 18, 1985, Rones filed a Petition for Review of Agency Action in this court. On July 19, 1985, Rones filed three other motions: a Motion for Stay of Execution, asking the court to prevent Van La Development from selling the condominium unit and to prevent DHCD from allotting to other applicants funds which Rones might receive; a Motion for Reversal of Agency Action, claiming that DHCD incorrectly considered her brother's finances in determining whether she qualified for a loan; and a Motion for Expedited Review, arguing that her contract extension for buying the condominium expired on July 27, 1985, and that HPAP might run out of money. DHCD opposed each motion and on July 26, 1985, filed a Motion to Dismiss, claiming that this court lacks jurisdiction to review the administrative decision since the denial of Rones' application did not involve a contested case.

## II

 Section 11–722 of the D.C.Code authorizes this court to review agency actions "in accordance with the District of Columbia Administrative Procedure Act." D.C. Code § 11–722 (1981).[2] That Act in turn limits our direct review of agency decisions only to "contested cases." D.C.Code § 1–1510 (1981). In accordance with the definition of "contested case" in D.C.Code § 1–1502(8), we have previously defined a contested case as one involving "a trial-type hearing which is required either by statute or by constitutional right." *Dupont Circle Citizens Association v. Barry,* 455 A.2d 417, 422 (D.C.1983); *Capitol Hill Restoration Society, Inc. v. Moore,* 410 A.2d 184, 186 (D.C.1979); *Chevy Chase Citizens Association v. District of Columbia Council,* 327 A.2d 310, 314 (D.C.1974) (en banc).

Consequently, in order for this court to have jurisdiction, this case must be one that requires a trial-type hearing before the agency either by statute or by constitutional right.

Rones does not dispute that she has no statutory claim to a trial-type hearing. Indeed, § 45–2201, which governs HPAP loans to low-income persons, says nothing about trial-type hearings for applicants who disagree with DHCD determinations. *See* D.C.Code § 45–2201 (1985 Supp.). Instead, she argues that her case is a contested case because she has a constitutional right to a trial-type hearing. Rones claims that her contract with Van La Development Corporation gives her a property interest in the condominium, and that "DHCD's arbitrary denial of her application has divested her of her interest in the property." Constitutional due process protection of property, she argues, thus gives her the right to a trial-type hearing. We find Rones' argument misplaced.

In the landmark case of *Goldberg v. Kelly,* the Supreme Court held that welfare recipients have a protected property interest in their welfare benefits which required an administrative trial-type hearing *before* terminating such benefits. Significantly, the property interest is in the welfare benefits, and not what can be purchased with the benefits. *See Goldberg v. Kelly,* 397 U.S. 254, 262, 90 S.Ct. 1011, 1017, 25 L.Ed.2d 287 (1970). Applying this analysis to the present case, Rones' property interest, if any, must be in the HPAP loan and not what she could have purchased with the loan. Contrary to Rones' position, we thus conclude that what is important for consideration is Rones' property interest in

to his income was in error, that Elmer made less than his previously notarized statement, and that Rones herself would be earning less because she has enrolled part-time at Georgetown University Law School. On July 11, 1985, DHCD informed Rones by letter that her loan application would not be reevaluated because of discrepancies between her initial application and her subsequent submissions.

**2.** Section 11–722 provides in pertinent part:

The District of Columbia Court of Appeals has jurisdiction to review orders and decisions of ... any agency of the District of Columbia ... in accordance with the District of Columbia Administrative Procedure Act....

the HPAP loan and not her property interest in the condominium itself.

The District argues that Rones had no constitutionally protected property interest in the HPAP loan. In *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the Supreme Court said:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

*Id.* at 577, 92 S.Ct. at 2709. Here, it would appear that Rones has no basis on which to claim entitlement to the loan. Even if Rones meets HPAP income eligibility requirements, she is not automatically entitled to a loan.[3] She was merely applying for the loan, and had not been told that she would receive the loan when she entered into the condominium contract.[4]

 All of this suggests that Rones does not have a constitutionally protected property interest in the HPAP loan. However, we need not decide whether Rones has any constitutionally protected interest in order to decide whether she has a property interest sufficient to require an administrative trial-type hearing. "[A] trial type hearing is rarely required prior to the termination of governmental benefits. All that is required is 'the opportunity to be heard in "a meaningful manner" '." *Systems and Applied Science Corp. v. Sanders*, 544 F.Supp. 576, 583 (D.D.C.1982), quoting *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) quoting

*Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). Rones has not shown why, if she was entitled to a hearing, it would be a trial-type hearing and not some lesser process. In light of the nature of her interest, we conclude that Rones was not entitled to a trial-type hearing at the agency level. Whatever rights Rones may have as a result of her HPAP loan application, she is not entitled to "contested case" review in this court.[5]

In light of the above, this petition for review is dismissed. Rones' other motions (Motion for Reversal of Agency Action, Motion for Stay, Motion for Expedited Review) are denied as moot.

*So ordered.*

---

**3.** Section 45–2204 provides in part that "[p]riority in the allocation of assistance shall be given to lower income, elderly, handicapped, disabled or displaced applicants." D.C.Code § 45–2204 (1985 Supp.).

**4.** If Rones had already been receiving HPAP money and this money was then cut off, she might have a strong argument. *Cleveland Board of Education v. Loudermill*, —— U.S. ——, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985) (once a benefit has been conferred, it may not be taken away without appropriate procedural safeguards).

**5.** We note that although direct review in this court is foreclosed, Rones may not be precluded from seeking relief in the Superior Court in the event other errors are perceived in the administrative proceedings. "Any party aggrieved by the agency decision may initiate an appropriate equitable action in the Superior Court to seek redress." *Capitol Hill Restoration Society, Inc. v. Moore, supra*, 410 A.2d at 188 (citations omitted); *see* D.C.Code § 11–921(a)(6) (1981).