**Robert SINGLETON, Petitioner,**

v.

**DISTRICT OF COLUMBIA DE-
PARTMENT OF CORREC-
TIONS, Respondent.**

**No. 91–156.**

District of Columbia Court of Appeals.

Aug. 30, 1991.

John Payton, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Lutz Alexander Prager, Asst. Deputy Corp. Counsel, Washington, D.C., were on the motion to dismiss.

Robert C. Hauhart, Washington, D.C., was on the opposition to the motion to dismiss.

Before FERREN and TERRY, Associate Judges, and MACK, Senior Judge, in chambers.

TERRY, Associate Judge:

Petitioner, Robert Singleton, was a prisoner at Lorton Reformatory when an assault occurred in his dormitory. The victim of the assault identified Singleton from an array of photographs as one of his assailants, and as a result Singleton was placed in the Central Facility Adjustment Unit in administrative segregation. After a hearing before the prison housing board, in accordance with 28 DCMR §§ 520–531 (1987), Singleton was ordered to be transferred to the Maximum Security Facility at Lorton. Singleton appealed to the Administrator of the Central Facility, who affirmed the housing board's decision. Singleton then filed in this court a petition for review, to which the Department of Corrections responded with a motion to dismiss. The Department argues that this court lacks jurisdiction to consider the petition because prison disciplinary proceedings are not contested cases. We agree and dismiss the petition.

■ This court has jurisdiction to review orders or decisions of District of Columbia government agencies only in "contested cases." D.C.Code § 1–1510(a) (1987); D.C.Code § 11–722 (1989). A contested case is defined by statute as "a proceeding before the Mayor or any agency in which the legal rights, duties, or privileges of specific parties are required by any law ... or by constitutional right, to be determined after a hearing before the Mayor or before an agency...." D.C.Code § 1–1502(8) (1987). We have held that the hearing to which this definition refers is a "trial-type" hearing, *Chevy Chase Citizens Ass'n v. District of Columbia Council*, 327 A.2d 310, 314 (D.C.1974) (en banc), which is "statutorily or constitutionally compelled...." *W.C. & A.N. Miller Development Co. v. District of Columbia Zoning Commission*, 340 A.2d 420, 422 (D.C.1975)

(en banc). The proceeding before the prison housing board in Singleton's case does not pass this test.

■ There is no constitutional right to a full trial-type hearing in prison discipline cases. Prisoners are entitled to some due process protections, such as the right to receive notice of the charges against them and a written statement of reasons for any disciplinary action, *Wolff v. McDonnell,* 418 U.S. 539, 563–565, 94 S.Ct. 2963, 2978–2979, 41 L.Ed.2d 935 (1974), but other constitutional rights must generally be balanced against the correctional goals of the prison authorities. *Id.* at 556, 94 S.Ct. at 2975 ("there must be mutual accommodation between institutional needs and objectives and [prisoners' constitutional rights]"). For example, a prisoner may call witnesses and present evidence, but only "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566, 94 S.Ct. at 2979. There is no right of confrontation or cross-examination at such hearings; such matters are left to the sound discretion of prison officials. *Id.* at 567–569, 94 S.Ct. at 2980–2981. *See also Meachum v. Fano,* 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976) (prisoner not entitled to fact-finding hearing before being transferred to "substantially less favorable conditions").

■ Nor is there any statute in the District of Columbia that requires a trial-type hearing in such cases.[1] The departmental regulations under which Singleton's hearing was held do afford several procedural safeguards, such as the right to written notice of the hearing at least three days in advance,[2] the right to call witnesses,[3] the right to be represented at the hearing by counsel or substitute counsel,[4] and the right to an administrative appeal.[5] On the other hand, the regulations limit the number of witnesses that a prisoner may call,[6] the prisoner's right of confrontation,[7] and even the prisoner's right to know the names of the witnesses [8] and all the evidence relied upon by the board in making its decision.[9] Because the regulations do not bestow on prisoners the "full panoply" [10] of trial-type procedural rights, we necessarily conclude that the proceeding before the prison housing board at issue here was not a trial-type hearing and hence not a contested case.[11]

The petition for review is therefore

*Dismissed for lack of jurisdiction.*

1. Similarly, the federal Administrative Procedure Act (APA) is not applicable to disciplinary proceedings in federal prisons. *Clardy v. Levi,* 545 F.2d 1241, 1243–1246 (9th Cir.1976). Such cases in the federal system, as in ours, require hearings, but they do not require trial-type proceedings within the meaning of the APA. "The plain and simple fact is that the APA was not written with the problems of prison discipline in mind. The safeguards erected therein when applied comprehensively will unduly inhibit prison management." *Id.* at 1246.

2. 28 DCMR § 523 (1987).

3. *Id.* § 525.2.

4. *Id.* § 524.3.

5. *Id.* § 529.

6. *Id.* § 525.3 (prisoner may call two witnesses, but the right to call more than two "shall be subject to control by the Adjustment Board").

7. *Id.* § 525.5 (witness may be questioned by a department official out of the prisoner's presence if the board finds that allowing the prisoner to confront the witness would pose a threat to the witness' safety).

8. *Id.* § 526.3.

9. *Id.* § 526.4.

10. *Wolff v. McDonnell, supra,* 418 U.S. at 556, 94 S.Ct. at 2975.

11. We do not here decide what other avenues of relief, if any, may be open to someone in Mr. Singleton's position. We hold only that direct review by this court under D.C.Code § 1–1510(a), the District of Columbia Administrative Procedure Act, is not available.