FURTHER ORDERED that as a condition for reinstatement, respondent is required to pay full restitution of $27,500, with accrued interest at the legal rate of 6%, to Ms. Irish Eccles and Dr. Henry Wyatt, as provided in the Board on Professional Responsibility's report and recommendation to the Court. If any portion of the restitution has been made by the Clients' Security Fund, respondent shall repay the Fund. See D.C. Bar R. XI, § 3(b).

The Clerk shall publish this order, but the affidavit shall not be publicly disclosed or otherwise made available except upon order of the Court or upon written consent of the respondent.

The Clerk shall cause a copy of this order to be transmitted to the Chairman of the Board on Professional Responsibility and to the respondent, thereby giving him notice of the provisions of Rule XI, §§ 14 and 16, which sets forth certain rights and responsibilities of disbarred attorneys and to the effect of failure to comply therewith.

Bernard **RENARD**, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPART-MENT OF EMPLOYMENT SER-VICES, Respondent,**

**Renovex, et al., Intervenors.**

No. 98–AA–241.

District of Columbia Court of Appeals.

Submitted June 15, 1999.

Decided July 1, 1999.

Benjamin T. Boscolo, Greenbelt, MD, for petitioner.

Michael D. Dobbs, for intervenors.

Jo Anne Robinson, Interim Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and Mary T. Connelly,

Assistant Corporation Counsel, filed a supplemental memorandum on behalf of the District of Columbia Department of Employment Services.

Before STEADMAN and FARRELL, Associate Judges, and LEVIE, Associate Judge, Superior Court of the District of Columbia.*

FARRELL, Associate Judge:

Before us is what purports to be a petition for review of a decision of the Department of Employment Services (DOES) denying petitioner's application for a change of physician pursuant to D.C.Code § 36–307(b)(4) (1997), part of the District of Columbia Workers' Compensation Act (DCWCA). *Sua sponte*, we requested supplemental briefing on whether the agency's denial of the request presented a "contested case" within the meaning of D.C.Code § 1–1502(8) (1992), a prerequisite to our jurisdiction under the District's Administrative Procedure Act (DCAPA).[1] *See* D.C.Code § 1–1510(a). We now hold that it did not, and accordingly dismiss the petition for lack of jurisdiction.

As defined by the DCAPA, a "contested case" is "a proceeding before the Mayor or any agency in which the legal rights, duties, or privileges of specific parties are required by any law ... or by constitutional right, to be determined after a hearing before the Mayor or before an agency." D.C.Code § 1–1502(8). "This court has interpreted the nature of the hearing referred to in the contested case definition to be 'a trial-type hearing where such is implicitly required by either the organic act or by constitutional right ....'" *Bd. of Zoning Adjustment, supra* note 1, 644 A.2d at 997 (citations omitted). An illustration of the sort of proceeding that does *not* meet this requirement is the bid pro-

test procedure for government contract awards reviewed in *Jones & Artis Constr. Co. v. District of Columbia Contract Appeals Bd.*, 549 A.2d 315, 318 (D.C.1988). In holding that the contractor's "protest" to the Contract Appeals Board of the cancellation of an invitation for bids did not result in a contested case, we pointed out first that "[t]he statute [in question] (and certainly the Constitution) does not require a hearing, let alone a trial-type hearing, to resolve a protest." *Id.* (citation omitted). Moreover, the Board administering the statute "ha[d] adopted no regulations ... pursuant to statutory authority that would suggest the Board might use a trial-type hearing to resolve a protest." *Id.* (citation omitted). Instead, we explained, traditional government contract protests "are decided on the written submissions, coupled on occasion with a 'conference,' not a formal hearing, attended by interested parties." *Id.; see also Singleton v. District of Columbia Dep't of Corrections*, 596 A.2d 56, 57 (D.C.1991) ("Because the regulations do not bestow on prisoners the 'full panoply' of trial-type procedural rights, we necessarily conclude that the proceeding before the prison housing board at issue here was not a trial-type hearing and hence not a contested case." (footnotes omitted)).

From the jurisdictional standpoint, the procedure by which petitioner requested a change of physician under the DCWCA reflects the same shortcomings as did the protest procedure in *Jones & Artis*. The DCWCA gives an employee "the right to choose an attending physician to provide medical care under this chapter," D.C.Code § 36–307(b)(3), but then provides, simply, that the Mayor "may order a change of physician ... when in his judgment such change is necessary or desirable." *Id.* § 36–307(b)(4). Plainly the

---

* Sitting by designation pursuant to D.C.Code § 11–707(a) (1995).

1. *See United States v. District of Columbia Bd. of Zoning Adjustment*, 644 A.2d 995, 999 (D.C. 1994) ("[O]ur appellate jurisdiction is limited

by statute to contested cases. No matter how practically desirable another procedure might be, this court's authority is circumscribed by the statutes involved" (statutory citations omitted)).

statute does not require a hearing before the decision whether to permit a change is made.[2] And the regulations issued pursuant to it do not do so either. Besides prohibiting a change "to another medical care provider ... without authorization of the insurer or the Office [of Workers' Compensation]," 7 DCMR § 212.12 (1994), they provide only that:

> If the employee is not satisfied with medical care, a request for change may be made to the Office. The office may order a change where it is found to be in the best interest of the employee.

7 DCMR § 212.13. This discretionary decision ("may") need not be preceded by any sort of hearing, let alone a trial-type one. In fact, the DCWCA requires trial-type hearings only with respect to "claim[s] for compensation," D.C.Code § 36–320; *see* 7 DCMR § 220—of which a request for change of physician self-evidently is not one[3]—and disputes over medical fees. *See* 7 DCMR § 212.10. For all that appears from the statute and regulations, requests for change of physician are customarily decided in just the same way they were here—on written submission by the claimant, including any exhibits, and a written opposition by the employer.

Petitioner points to the order denying his request for a change of physician, which purported to authorize appeal from the denial administratively to the Director of DOES, *see* D.C.Code § 36–322(b)(2), fol-lowed by review in this court under the DCAPA. *See id.* § 36–322(b)(3). But, as we have repeatedly held, "the Council of the District of Columbia," and so necessarily the District's administrative agencies, "may not enlarge the congressionally prescribed limitations on our jurisdiction, most significantly the contested case limitation in the DCAPA." *Jones & Artis,* 549 A.2d at 318; *see also Capitol Hill Restoration Soc'y v. Moore,* 410 A.2d 184, 188 (D.C.1979).[4]

The petition for review is, accordingly,

Dismissed.

---

2. Nor, equally plainly, does the Constitution,

> To have a [constitutionally protected] property interest in a benefit, a person ... must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of *entitlement* to it.

*Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (emphasis added) (quoted in *Rones v. District of Columbia Dep't of Hous. & Community Dev.,* 500 A.2d 998, 1001 (D.C.1985)). As the statute permits a change of physician only in the discretion of the agency, it creates no such entitlement.

3. A "claim" is defined as "an application for benefits made by an injured employee ... under [D.C.Code §§ 36–307, –308, –309 (1991) ]." 7 DCMR § 299 (incorrectly cited as § 229 in the 1994 amendments). Although change of physician is provided for in § 36–307, the *benefit* which that section confers is the right initially to select a physician; a change of physician is left to the Mayor's discretion. In any event, a request to change physicians cannot be considered a "claim for compensation," *see* D.C.Code § 36–301(6) (defining "compensation"), without a severe distortion of ordinary meaning.

4. Nothing in the DCWCA itself purports to grant appeal rights beyond those covered by the DCAPA. Indeed, as noted, the appeal provision of the DCWCA specifically references the DCAPA. *See* D.C.Code § 36–322(b)(3).