# District of Columbia
# Court of Appeals

No. 14-AA-0123



SHEILA FARRELL,

Petitioner,

v.

DISTRICT OF COLUMBIA POLICE AND FIREFIGHTERS RETIREMENT
    AND RELIEF BOARD,

Respondent.

On Petition for Review of an Order of the
District of Columbia Police and Firefighters Retirement and Relief Board

BEFORE:  GLICKMAN and MCLEESE, *Associate Judges*; and STEADMAN[*],
*Senior Judge.*

## J U D G M E N T

This case came to be heard on the administrative record, a certified copy of the agency hearing transcript and the briefs filed, and was argued by counsel. On consideration whereof, and as set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the current petition is dismissed for lack of jurisdiction.

For the Court:

JULIO A. CASTILLO
Clerk of the Court

Dated: January 5, 2017.

Opinion by Associate Judge Roy W. McLeese.

---

[*] Senior Judge Pryor was originally assigned to this matter but subsequently recused himself. Senior Judge Steadman replaced Senior Judge Pryor.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-AA-0123

SHEILA FARRELL, PETITIONER,

v.

FILED 1/5/17
District of Columbia
Court of Appeals

*Julio Castillo*
Julio Castillo
Clerk of Court

DISTRICT OF COLUMBIA POLICE AND FIREFIGHTERS RETIREMENT AND RELIEF BOARD, RESPONDENT.

Petition for Review of an Order of the
District of Columbia Police and Firefighters Retirement and Relief Board

(Argued April 2, 2015                                        Decided January 5, 2017)

*Kierstan L. Carlson*, with whom *Alan M. Freeman* was on the brief, for petitioner.

*Carl J. Schifferle*, Assistant Attorney General, with whom *Eugene A. Adams*, Interim Attorney General for the District of Columbia at the time the brief was filed, *Todd S. Kim*, Solicitor General, and *Loren L. AliKhan*, Deputy Solicitor General, were on the brief, for respondent.

Before GLICKMAN and MCLEESE, *Associate Judges*, and STEADMAN, *Senior Judge*.[*]

MCLEESE, *Associate Judge*:    Petitioner Sheila Farrell filed a claim for

survivor benefits with respondent District of Columbia Police and Firefighters

---

[*]    Senior Judge Pryor was originally assigned to this matter but subsequently recused himself. Senior Judge Steadman replaced Senior Judge Pryor.

Retirement and Relief Board.[2]  The Board denied Ms. Farrell's claim, and Ms. Farrell seeks review of that ruling in this court.  We conclude that we lack jurisdiction, because the Board's ruling is not subject to direct review in this court. We therefore dismiss the petition.

## I.

The following circumstances appear to be undisputed.  Ms. Farrell was previously married to Joseph Novak, a member of the United States Secret Service. Mr. Novak was eligible for retirement benefits administered by the Board.  Ms. Farrell and Mr. Novak divorced in October 1989, having agreed that Ms. Farrell would receive the survivor benefits associated with Mr. Novak's retirement plan. That agreement was subsequently incorporated into a divorce decree.  Mr. Novak did not, however, formally designate Ms. Farrell as a beneficiary under his retirement plan, and neither Mr. Novak nor Ms. Farrell submitted the divorce decree to the administrator of the retirement plan.

---

[2]  There appears to be some inconsistency about whether an apostrophe should appear after the word "Firefighters" in the Board's name.  Except when citing prior decisions of this court, we omit an apostrophe, in conformity with the Board's statutory title.  D.C. Code § 5-722 (a)(1) (2016 Supp.).

Mr. Novak later married Jane Novak. Following the death of Mr. Novak in July 2012, the Board awarded his survivor annuity to Ms. Novak as the surviving spouse. Ms. Farrell applied for survivor benefits in April 2013. The District of Columbia Department of Human Resources denied Ms. Farrell's application, stating that Ms. Farrell had not presented the divorce decree to the administrator of the retirement plan until 2013, and that the survivorship benefit under the plan had vested in Ms. Novak as Mr. Novak's legal spouse at the time of his death. The Department of Human Resources also stated that the divorce decree did not comply with certain requirements of the retirement plan and of the Spouse Equity Act of 1988, D.C. Code § 1-529.01 et seq. (2014 Repl.).

Ms. Farrell challenged the denial in August 2013 by petitioning the Board. The Board issued its final decision in December 2013, stating without explanation that it found no reason to reverse its decision awarding benefits to Ms. Novak. Ms. Farrell filed a petition for review in this court.

## II.

We first address whether this court has jurisdiction to consider the petition. Under the District of Columbia Administrative Procedure Act, this court has direct

jurisdiction to review agency decisions only in a "contested case." D.C. Code § 2-510 (a) (2012 Repl.). A proceeding is a "contested case" if a party to the proceeding is entitled by law to an "adjudicative, trial-type hearing" to determine the party's "legal rights, duties, or privileges." *J.C. & Assocs. v. District of Columbia Bd. of Appeals & Review*, 778 A.2d 296, 301 (D.C. 2001) (internal quotation marks omitted). We look to the Constitution, statutes, and regulations to determine whether a right to an adjudicative, trial-type hearing exists. *Id.* at 298, 301. It is evident that the Board's determinations regarding survivor benefits are adjudicatory in nature, and neither party disputes that point. Ms. Farrell does not contend that she has a constitutional right to a trial-type hearing, so whether we have jurisdiction depends on whether the applicable statutes and regulations entitle non-retiree applicants such as Ms. Farrell to a trial-type hearing.

The initial brief filed on behalf of the Board took the position that non-retiree applicants are not entitled to a trial-type hearing. Ms. Farrell argued to the contrary. After oral argument, we remanded the record for the Board itself to address that issue. After receiving the Board's response and supplemental briefs from the parties, we remanded the record again, for the Board to further address the issue. In its August 18, 2016, response, the Board further explained its

conclusion that non-retiree applicants are not entitled to a trial-type hearing. The parties again submitted supplemental briefs in light of the Board's response.

Whether an administrative proceeding is a contested case is a question of law. *Mathis v. District of Columbia Hous. Auth.*, 124 A.3d 1089, 1098 (D.C. 2015). Although we have said that we decide that question de novo, *id.*, in this case (as we shall explain) the answer to the question turns on the interpretation of both a statutory provision that the Board administers and the Board's procedural regulations. We defer to the Board's "informed interpretation of the statute it administers, . . . as long as that interpretation is reasonable and not plainly wrong or inconsistent with the statute's legislative purpose." *Adgerson v. Police & Firefighters' Ret. & Relief Bd.*, 73 A.3d 985, 990 (D.C. 2013) (internal quotation marks omitted). Similarly, "the court generally defers to an agency's interpretation of its own regulations unless that interpretation is plainly erroneous or inconsistent with the regulations." *Placido v. District of Columbia Dep't of Emp't Servs.*, 92 A.3d 323, 326 (D.C. 2014) (internal quotation marks omitted). We uphold as reasonable the Board's conclusion that the applicable statute and regulations do not entitle applicants for survivor benefits to a trial-type hearing.

The pertinent statutory provision is D.C. Code § 5-721 (a) (2012 Repl.). Section 5-721 (a) requires that proceedings before the Board "involving the retirement of any member, or any application for an annuity," shall be "reduced to writing." With respect to other procedural entitlements, however, section 5-721 (a) focuses more narrowly on retirees. Specifically, section 5-721 (a) provides that members under consideration for retirement are entitled to "written notice" to "appear" and "give evidence under oath." This court has construed section 5-721 (a) to afford such members the right "to appear and give evidence." *Johnson v. Board of Appeals & Review*, 282 A.2d 566, 568 (D.C. 1971). Relying on those procedural entitlements, we further held that proceedings before the Board involving such members are contested cases reviewable directly in this court. *Id.* In the present case, the Board reasonably concluded that the statutory right to a trial-type hearing under section 5-721 (a) does not extend to non-retiree applicants such as Ms. Farrell.

In substantial part, the Board's regulations also reflect distinctions between the procedural rights afforded to retirees and the procedural rights afforded to non-retiree applicants. Under 7 DCMR § 2516.1 (2016), an individual appearing "for retirement consideration shall be given full opportunity to present the testimony under oath or affirmation, and to produce the witnesses to give testimony under

oath or affirmation, as he or she may desire." In contrast, 7 DCMR § 2517.1 (2016) states that a non-retiree applicant shall "furnish to the Board satisfactory evidence" of the necessary information to establish eligibility for a survivor annuity, "[i]n lieu of personally appearing before the Board." Moreover, the Board "consider[s] applications" for survivor benefits "from the documented evidence furnished." 7 DCMR § 2517.3. These provisions support a conclusion that the Board's regulations, like the applicable statute, afford the right to a trial-type hearing to retirees but not to non-retiree applicants.

Ms. Farrell argues, however, that other regulations point in the opposite direction. First, Ms. Farrell relies on 7 DCMR § 2517.5, which allows an applicant to "personally appear" before the Board if the applicant "expresses a desire to do so." The Board interprets section 2517.5 as affording a limited right to appear and to make a statement before the Board, not as affording the "full panoply of trial-type procedural rights." *Singleton v. District of Columbia Dep't of Corr.*, 596 A.2d 56, 57 (D.C. 1991) (footnote and internal quotation marks omitted). The breadth of procedural rights encompassed by the term "personally appear" is not self-evident, but we conclude that the Board's interpretation is not "plainly erroneous or inconsistent with the regulations." *Placido*, 92 A.3d at 326 (internal quotation marks omitted).

Second, Ms. Farrell relies on regulations stating that "[a]ll testimony at hearings before the Board shall be under oath or affirmation," 7 DCMR § 2509.1 (2016), and that "[e]vidence shall be taken in conformity with [D.C. Code] §§ 1-1509(b) [now codified at D.C. Code § 2-509 (b) (2016 Supp.)] and 4-533 [now codified at D.C. Code § 5-721]," 7 DCMR § 2511.1 (2016). The Board reasonably concluded, however, that these regulations do not grant non-retiree applicants the right to a trial-type hearing. Section 2509.1 does not by its terms require the Board to take testimony, but rather requires that if the Board does take testimony, that testimony must be under oath or affirmation. Section 2511.1 refers to two statutory provisions. As we have already concluded, the second of those provisions, D.C. Code § 5-721, is reasonably viewed as according a right to a trial-type hearing to retirees but not to non-retiree applicants. The first provision, D.C. Code § 2-509 (b), is part of the District of Columbia Administrative Procedure Act and provides specific procedural rights applicable to contested cases. Section 2511.1 thus can reasonably be understood to mean that (1) in cases involving retirees, evidence is to be taken as specified both by the part of section 5-721 relating to retirees and by the procedural requirements of section 2-509 (b); and (2) in cases involving non-retiree applicants, evidence is to be taken as specified by the part of section 5-721 relating to non-retiree applicants.

Third, Ms. Farrell relies on 7 DCMR § 2529 (2016), which directs all persons seeking judicial review to petition this court directly. Because review of agency action directly in this court is permissible only in contested cases, D.C. Code § 2-510 (a), section 2529 necessarily implies that all of the Board's cases are contested cases. And because a case is a contested case only if a party has the right to a trial-type hearing, *J.C. & Assocs.*, 778 A.2d at 301, section 2529 necessarily implies that all applicants, including non-retiree applicants, have a right to a trial-type hearing before the Board. The Board does not dispute that section 2529, considered in isolation, implies that non-retiree applicants have a right to a trial-type hearing. Rather, the Board in essence argues that this implication from section 2529 is inconsistent with a proper understanding of the provisions directly addressing the procedural rights of non-retiree applicants. The Board further argues that this inconsistency is better resolved by treating section 2529 as reflecting an incorrect understanding of the applicable judicial-review provisions, rather than by relying on section 2529 to afford non-retiree applicants procedural rights not contemplated by the directly applicable statute and regulations. We agree that the Board's approach reflects a reasonable interpretation of these provisions considered as a whole. *See generally Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 168-71 (2007) (upholding as reasonable agency's resolution

of conflict between two contradictory regulations). We further accept as reasonable the Board's explanation that its failure to contest jurisdiction in prior cases brought directly to this court by non-retiree applicants reflects a mistaken understanding of the meaning of "contested case" under the District of Columbia Administrative Procedure Act. And because they did not squarely address the jurisdictional issue we decide today, the decisions of this court in those prior cases do not constitute holdings binding upon us. *See Hobson v. District of Columbia*, 686 A.2d 194, 198 (D.C. 1996) ("We have recently reiterated that a point of law merely assumed in an opinion, not discussed, is not authoritative, and that principles of *stare decisis* do not apply unless in the decision put forward as precedent the judicial mind has been applied to and passed upon the precise question.") (citation and internal quotation marks omitted).

Ms. Farrell raises several additional arguments, but they do not persuade us that the Board's conclusion is unreasonable. First, Ms. Farrell appears to argue that proceedings involving non-retiree applicants are contested cases even if non-retiree applicants have only the rights (1) to notice of any hearing that is held, (2) to personally appear before the Board, (3) to representation by counsel, (4) to submit materials for the Board to consider, and (5) to a written decision by the Board. We disagree. Such limited rights do not rise to the level of the "full

panoply of trial-type procedural rights" needed to meet the requirements of a contested case. *Singleton*, 596 A.2d at 57 (footnote and internal quotation marks omitted) (hearing at which prisoner had right to notice, to call witnesses, and to be represented by counsel was not "contested case," because of limits on right to cross-examine contrary witnesses and on prisoner's access to information relied upon by agency); *see also, e.g.*, *Mathis*, 124 A.3d at 1099 ("[A] trial-type hearing is one that incorporates due-process protections such as representation by counsel, cross-examination of adverse witnesses, and fact-finding by an impartial adjudicator. The right to obtain pre-hearing discovery, and to make opening and closing arguments[,] are other accoutrements of a trial-type hearing.") (citation, brackets, and internal quotation marks omitted).

Second, Ms. Farrell disputes the Board's view that voluntary retirees do not have the same procedural rights before the Board as members who are being involuntarily placed on disability retirement. The Board explicitly stated, however, that its view on that issue did not alter the Board's conclusion in the present case, which involves a non-retiree applicant rather than a retiree. We therefore have no occasion to express a view about the issue.

Third, Ms. Farrell points out that the Board in this case appears at times to conflate two distinct issues: whether applicants have a right to a trial-type hearing and whether such a hearing is mandatory, so that the Board is required to hold a hearing even if the applicant does not wish to have one. We agree with Ms. Farrell that those issues are distinct. Moreover, it is not clear to us that the applicable provisions ever require the Board to conduct a hearing if an applicant does not wish to have a hearing. We therefore are doubtful about the validity of the Board's concern that interpreting the regulations to entitle non-retiree applicants to a trial-type hearing would require the Board to hold a hearing in every case involving a non-retiree applicant, even where doing that would be pointless and no one requests a hearing. We need not further address this issue, however, because we are confident that the Board's interpretation of the provisions at issue would be the same even without consideration of this policy concern. *See, e.g.*, *Apartment & Office Bldg. Ass'n v. Public Serv. Comm'n*, 129 A.3d 925, 933 (D.C. 2016) ("[R]emand [is] not required where remand would be pointless because it is apparent the agency would reach the same result . . . .") (brackets and internal quotation marks omitted).

Finally, Ms. Farrell asks where she should properly seek review if direct review is not available in this court. The Board initially implied that Ms. Farrell

should properly have sought review in the Superior Court. *District of Columbia v. Sierra Club*, 670 A.2d 354, 359 (D.C. 1996) (in general, "any party aggrieved by an agency's decision may initiate an appropriate equitable action in the Superior Court to seek redress") (brackets and internal quotation marks omitted). In a more recent submission, the Board indicated that although "[p]resumably judicial review would be found in the Superior Court," perhaps review would lie in federal district court because Mr. Novak was a Secret Service retiree. Given that the contested decision was made by a District of Columbia entity, rather than a federal entity, we share the Board's initial reaction that review would likely lie in Superior Court. *Cf. Brown v. United States*, 356 U.S. App. D.C. 61, 327 F.3d 1198 (2003) (federal lawsuit challenging Treasury Department decision affecting amount of annuity for retired Secret Service agents receiving annuity under District of Columbia Police and Firefighters Retirement and Disability Act, D.C. Code § 5-701 et seq. (2012 Repl. & 2016 Supp.)). We express no definitive view on that issue, however, because the issue has not been adequately briefed before us. We do note, however, the Board's acknowledgement that, because the Board's regulations incorrectly directed Ms. Farrell to seek review in this court, it would be inappropriate for the Board to contend that Ms. Farrell is time-barred from seeking relief in the appropriate forum. *Cf. Mathis*, 124 A.3d at 1104-06 (where agency incorrectly

advised litigant to seek judicial review in Superior Court, time limit for seeking review in this court was equitably tolled).

Accordingly, we dismiss the current petition for lack of jurisdiction.

*So ordered.*